```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION


CATHY ANN TAITE,                   :

      Plaintiff,                   :

vs.                                :
                                           CIVIL ACTION 05-0320-BH-M
JO ANNE B. BARNHART,               :
Commissioner of
Social Security,                   :

      Defendant.                   :
```

REPORT AND RECOMMENDATION

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability benefits and Supplemental Security Income (SSI). The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was heard on February 23, 2006. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be affirmed, that this action be dismissed, and that judgment be entered in favor of Defendant Jo Anne B. Barnhart and against Plaintiff Cathy Ann Taite.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richard-*

*son v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

    Plaintiff was born May 10, 1962.  At the time of the administrative hearing, Taite was forty-one years old, had completed a high school education (Tr. 475), and had previous work experience as a nurse's aide and preparing food in a delicatessen (Tr. 160, 477).  In claiming benefits, Plaintiff alleges disability due to Human Immunodeficiency Virus (Doc. 11 Fact Sheet).

    The Plaintiff filed applications for disability and SSI on January 29, 2003 (Tr. 82-84; *see* Tr. 6, 18).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Taite was capable of performing her past relevant work as a fast food worker (Tr. 15-34).  Plaintiff requested review of the hearing decision (Tr. 12-14) by the Appeals Council, but it was denied (Tr. 7-8).

    Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Taite alleges that:  (1) The ALJ did not state what weight he gave to a form completed by a treating physician; and (2) the ALJ did not specifically set out the physical and mental demands of her past

relevant work (Doc. 11).  Defendant has responded to—and denies—these claims (Doc. 15).

Plaintiff's first claim is that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of Plaintiff's physician.  More specifically, Taite claims that the ALJ did not state what weight he gave to a form entitled "Medical Report on Adult with Allegation of Human Immunodeficiency Virus (HIV) Infection," completed by Dr. Waa, her treating physician (Doc. 11, pp. 7-9).  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[1] *see also* 20 C.F.R. § 404.1527 (2005).

The form, completed on July 3, 2003, stated that Plaintiff had no bacterial, fungal, or viral infections (Tr. 410-12).  Dr. Waa stated, however, that Taite was suffering from "[a]nemia (hematocrit persisting at 30 percent or less), requiring one or more blood transfusion on an average of at least once every 2 months" and "diarrhea, lasting for 1 month or longer, resistant to treatment, and requiring intravenous hydration, intravenous

---

[1]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

alimentation, or tube feeding" and "sinusitis" (Tr. 411).  Dr. Waa noted that Plaintiff had "marked difficulties in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace" (Tr. 412).  In the remarks section, the doctor noted that Taite was taking her medications and was having a "great response" though complicated by depression, anxiety, hepatitis C, GERD, asthma, and lymphadenopathy; Dr. Waa's final statement was that "her medical problems and treatments, including HIV-1, leave her with little time or energy to do much of anything else" (Tr. 412).

  The Court notes that Dr. Waa, approximately a month before completing this form, wrote a "To Whom It May Concern" letter which set out some of this same information, but concluded by saying that "[o]verall, Ms Taite has done remarkably well and has had an excellent response to her HIV-1 therapy.  Her long time prognosis is quite good presently, but difficult to determine" (Tr. 383).  At that same time, Dr. Waa chose not to complete a physical capacities evaluation on Plaintiff, stating "I have no objective means to determine the capacities above" (Tr. 384).  Two months later, on August 11, 2003, Dr. Waa completed a physical capacities evaluation form based on Plaintiff's own statements, saying that he could not verify her capabilities (Tr. 409).

  The ALJ summarized this information (Tr. 23-24), as well as the other medical and psychological evidence of record, and then

4

specifically stated that he had "assigned significant evidentiary weight to [Dr. Waa's] opinions regarding the claimant's 'excellent response' to her antiviral therapy and her favorable prognosis" (Tr. 27).  The ALJ went on, however, to find that the physical capacities evaluation form completed by Dr. Waa in August 2003 was of no evidentiary weight as the doctor had indicated that it was based on Taite's own description of her abilities.  *Id.*

Plaintiff does not challenge this finding.  Rather, Taite notes that the ALJ did not specifically state the weight given to the HIV Form, asserting that this report spells out criteria that meets the Listing level of disability (Doc. 11, p. 8).  The ALJ is required to "state specifically the weight accorded to each item of evidence and why he reached that decision."  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

The Court notes at the outset that Plaintiff has not directed this Court to a particular Listing which she claims to meet.  The Court further notes that Plaintiff has failed to point to specific medical records which support Dr. Waa's statements that Taite was getting blood transfusions and intravenous feeding as part of her treatment regimen (*see* Tr. 411).  The Court's own review of the medical evidence failed to produce such evidence; in fact, treatment notes from Dr. Barbara Blumer Corcoran show that she was treating Plaintiff for constipation during a period of time (July 17, 2003 through August 13, 2003) that Dr. Waa

stated she was having diarrhea (*see* Tr. 445-450; *cf.* Tr. 411-12).

The Court finds that Plaintiff's claim is of no merit. At most, the ALJ committed harmless error in failing to state the evidentiary weight he gave the HIV Form completed by Dr. Waa. However, as Taite has not directed this Court to evidence in the file which supports the statements made in that form, the Court cannot say that the ALJ's conclusions regarding Plaintiff's medical condition is not supported by substantial evidence.

Plaintiff next claims that the ALJ did not properly evaluate the requirements of her past work. Taite has directed this Court's attention to Social Security Ruling 82-62 which states that the ALJ, in finding that a claimant can perform past relevant work, must make a specific "finding of fact as to the physical and mental demands of the past job/occupation." Social Security Ruling 82-62 (1982 WL 31386, *4 (S.S.A.)). In discussing the nature of this finding of fact, the Ruling states the following:

> Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate. This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source. Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent

6

> of supervision and independent judgment
> required, and a description of tasks and
> responsibilities will permit a judgment as to
> the skill level and the current relevance of
> the individual's work experience.  In
> addition, for a claim involving a mental/
> emotional impairment, care must be taken to
> obtain a precise description of the
> particular job duties which are likely to
> produce tension and anxiety, *e.g.*, speed,
> precision, complexity of tasks, independent
> judgments, working with other people, etc.,
> in order to determine if the claimant's
> mental impairment is compatible with the
> performance of such work.  Persons with
> physical impairments (*e.g.*, cardiovascular or
> gastrointestinal disorders) may have
> performed stressful tasks.  This may also
> require a decision as to whether the
> impairment is compatible with the performance
> of such work.  If more than one job was
> performed during the 15-year period, separate
> descriptions of each job will be secured.

Social Security Ruling 82-62 (1982 WL 31386, *3 (S.S.A.)).

The Court notes at the outset that there is not a lot of information regarding Plaintiff's past work.  Taite completed a social security form which stated that, when she prepared food in the food industry, she used a cash register and meat slicer and was required to walk six, stand eight, sit one, climb one, stoop one, kneel one, and handle or grasp big objects one hour during an eight-hour day (Tr. 160).  The ALJ specifically noted that that job, according to *The Dictionary of Occupational Titles* § 311.472-010, was unskilled light work (Tr. 32).  The Listing itself stated the job required the following services:

> Requests customer order and depresses keys of

7

> multicounting machine to simultaneously
> record order and compute bill.  Selects
> requested food items from serving or storage
> areas and assembles items on serving tray or
> in takeout bag.  Notifies kitchen personnel
> of shortages or special orders.  Serves cold
> drinks, using drink-dispensing machine, or
> frozen milk drinks or desserts, using
> milkshake or frozen custard machine.  Makes
> and serves hot beverages, using automatic
> water heater or coffeemaker.  Presses lids
> onto beverages and places beverages on
> serving tray or in takeout container.
> Receives payment.  May cook or apportion
> french fries or perform other minor duties to
> prepare food, serve customers, or maintain
> orderly eating or serving areas.

*See* http://www.stepfour.com/jobs/311472010.htm.  The Court finds that this description, referenced by the ALJ, sufficiently sets out the requirements of Plaintiff's past work, as it is normally performed in the national economy.  Taite's claim otherwise is without merit.

Plaintiff has raised two different claims in bringing this action.  Both are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is recommended that the Secretary's decision be affirmed, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), that this action be dismissed, and that judgment be entered in favor of Defendant Jo Anne B. Barnhart and against Plaintiff Cathy Ann Taite.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the

fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 8th day of March, 2006.

s/BERT W. MILLING, JR.<br>UNITED STATES MAGISTRATE JUDGE